**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. PAUL NOMEE III, Defendant - Appellant. | No. 23-4262 D.C. No. 1:23-cr-00029-SPW-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted November 20, 2024**
Seattle, Washington

Before: McKEOWN, GOULD, and H.A. THOMAS, Circuit Judges.

Paul Nomee III appeals the district court's denial of his motion to suppress a

concealed handgun as evidence. We have jurisdiction under 28 U.S.C. § 1291, and

we review de novo the denial of a motion to suppress. *United States v. Yang*, 958

F.3d 851, 857 (9th Cir. 2020). We affirm.

The Supreme Court and Ninth Circuit scrutinize incidents of mistaken

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

identification and arrest by asking "whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant." *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (citing *Hill v. California*, 401 U.S. 797, 804 (1971)). According to this standard, "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." *Hill*, 401 U.S. at 804. Because Officer Anthony and the dispatcher took reasonable steps to identify Paul Nomee as the subject of an arrest warrant, any error in mistaken identity does not merit suppression of the recovered handgun.

Officer Anthony executed the mistaken arrest in good faith and under the reasonable belief that Nomee was Paul Gary Nomee, whose name appeared on two outstanding warrants. After pulling Nomee over, learning his name, and asking about the damage to his car, Officer Anthony can be heard expressing a belief that Nomee had outstanding warrants. Then, before making the arrest, he followed a reasonable course of action by (1) asking dispatch to run a warrant check and (2) retrieving Nomee's driver's license and reciting the birth date to make sure it matched an outstanding warrant. Dispatch not only confirmed the match, "ten-four that'd be him," but also relayed the offenses listed on the arrest warrants.

Nomee argues that the dispatcher was unreasonable for not telling Officer Anthony that the outstanding warrants had two different birth dates and were for a Paul *Gary* Nomee. But when Officer Anthony gave the dispatcher a birth date

matching one of the warrants, the dispatcher had good reason to think that the different birth date on the other warrant was erroneous—*not* that Officer Anthony had stopped the wrong Paul Nomee. Because "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment," this error did not violate Nomee's Fourth Amendment rights. *Hill*, 401 U.S. at 804.

**AFFIRMED.**